CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 1 1 2018

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| KEITH CARROLL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:17cv00469 |
| | ) | |
| v. | ) | By:  Michael F. Urbanski |
| | ) | Chief United States District Judge |
| ROANOKE VALLEY COMMUNITY | ) | |
| CREDIT UNION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff Keith Carroll, who is permanently blind, brings this action pursuant to the

Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12181 et seq., alleging he is

denied full use and enjoyment of defendant Roanoke Valley Community Credit Union's

website in violation of federal law. Carroll seeks preliminary and permanent injunctive relief,

as well as his costs and attorneys' fees. RVCCU moves to dismiss Carroll's complaint,

arguing a website is not a place of public accommodation under the ADA and, in any event,

Carroll lacks standing to bring this claim. The National Association of Federally-Insured

Credit Unions, as amicus curiae, filed a brief in support of RVCCU's motion to dismiss.

Because Carroll has not alleged an injury-in-fact sufficient to confer standing, the

court will **GRANT** defendant's motion and dismiss this case for lack of subject matter

jurisdiction.

# I.

Carroll is a permanently blind resident of Virginia who uses a screen reader to access the internet and read website content. RVCCU is a federal credit union with its principal place of business in Roanoke, Virginia. RVCCU owns and operates credit union locations in Virginia, which constitute places of public accommodation. RVCCU also operates a public website, www.rvccu.org, which provides information about RVCCU's services and locations. Carroll alleges that website accessibility barriers prevent him from freely navigating www.rvccu.org, despite his recent attempts. These access barriers include, but are not limited to:

> (1) Linked image missing alternative text which presents a problem because an image without alternative text results in an empty link. . . . The lack of Alternative Text on these graphics prevents screen readers from accurately vocalizing a description of the graphics. . . . ; (2) Redundant Links where adjacent links go to the same URL address which results in additional navigation and repetition for keyboard and screen reader users; and (3) Empty or missing form labels which presented a problem because if a form control does not have a properly associated text label, the function or purpose of that form control may not be presented to screen reader users. Form labels provide visible descriptions and larger clickable targets for form controls.

Compl., ECF No. 1, at ¶ 13. Carroll claims that RVCCU has failed to remove these access barriers and, as a result, has denied him full use and equal enjoyment of its website.

RVCCU moves to dismiss Carroll's complaint, arguing websites are not places of public accommodation pursuant to 42 U.S.C. § 12181(7) and that Carroll lacks standing to bring this claim.

## II.

Whether a plaintiff has standing to bring a cause of action "is generally associated with Civil Procedure Rule 12(b)(1) pertaining to subject matter jurisdiction." CGM, LLC v. BellSouth Telecomms., Inc., 664 F.3d 46, 52 (4th Cir. 2011). "That is because 'Article III gives federal courts jurisdiction only over cases and controversies,' and standing is 'an integral component of the case or controversy requirement.'" Id. (quoting Miller v. Brown, 462 F.3d 312, 316 (4th Cir. 2006)). "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint need only contain sufficient factual matter which, if accepted as true, "state[s] a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A complaint is "facially plausible" when the facts alleged "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. This "standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. When ruling on a motion to dismiss, the court must "accept the well-pled allegations of the complaint as true" and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997).

While the court must accept as true all well-pled factual allegations, the same is not true for legal conclusions. "Threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; see also

Wag More Dogs, LLC v. Cozart, 680 F.3d 359, 365 (4th Cir. 2012) ("Although we are

constrained to take the facts in the light most favorable to the plaintiff, we need not accept

legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or

arguments." (internal quotation marks omitted)).

## III.

Standing determines the power of the court to entertain this case and, as such, is the

threshold inquiry in this analysis. Article III of the United States Constitution limits the

jurisdiction of the federal courts to actual cases or controversies, and "[s]tanding to sue is a

doctrine rooted in the traditional understanding of a case or controversy." Spokeo, Inc. v.

Robins, 136 S. Ct. 1540, 1546-47 (2016). "In essence the question of standing is whether the

litigant is entitled to have the court decide the merits of the dispute or of particular issues."

Warth v. Seldin, 422 U.S. 490, 498 (1975).

To that end, a plaintiff must show (1) he has suffered an "injury in fact," (2) a causal

connection between the injury complained of and the challenged action, and (3) that the

injury can be redressed by a favorable decision. See Friends of the Earth, Inc. v. Laidlaw

Environmental Servs., Inc., 528 U.S. 167, 704 (2000) (citing Lujan v. Defs. of Wildlife, 504

U.S. 555, 560-61 (1992)). As regards the first element, the "injury in fact" must be concrete

and particularized and actual or imminent, rather than conjectural or hypothetical. Lujan, 504

U.S. at 560. "Although imminence is concededly a somewhat elastic concept, it cannot be

stretched beyond its purpose, which is to ensure that the alleged injury is not too speculative

for Article III purposes—that the injury is *certainly* impending." Clapper v. Amnesty Int'l

USA, 568 U.S. 398, 409 (2013). The Supreme Court has repeatedly reiterated that allegations of possible future injury are insufficient to confer standing. Id. (citations omitted). Likewise, "a bare procedural violation, divorced from any concrete harm," does not satisfy the injury-in-fact requirement of Article III. Spokeo, 136 S. Ct. at 1549.

The party invoking federal jurisdiction bears the burden of establishing he has standing and must "'allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute.'" FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990) (quoting Warth, 422 U.S. 490). "Since they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." Lujan, 504 U.S. at 561.

Carroll cannot meet his burden of establishing Article III standing, because he has failed to allege an injury-in-fact. RVCCU is a credit union with membership limited to individuals who live, work, go to school, or worship in Roanoke City, Roanoke County, Vinton, Salem or Botetourt, as well as immediate relatives or household members of an existing RVCCU member. See 12 U.S.C. § 1759(b)(3) (limiting membership of community credit unions to persons or organizations within a well-defined local community, neighborhood, or rural district). According to the civil cover sheet filed in this case, Carroll is a resident of Fairfax County, Virginia,[1] which is more than 200 miles from the Roanoke Valley. Carroll does not allege that he has any connection whatsoever to the Roanoke area or an existing RVCCU member, or that he would otherwise be entitled to utilize RVCCU's

---

[1] See Civil Cover Sheet, ECF No. 1-1.

services. Rather, he claims that he has attempted to use www.rvccu.org in recent months but

has been deterred from accessing the website and visiting RVCCU's physical locations that

he may have located through the website. He further claims that he "could independently

and privately investigate RVCCU's services, privileges, advantages, and accommodations and

amenities, and find the locations to visit via RVCCU's website as sighted individuals can and

do," if the website were accessible to him. Compl., ECF No. 1, at ¶¶ 14-15. Carroll does not

allege that he actually uses or plans to use RVCCU's services. And it is implausible that he

would travel more than 200 miles to visit a RVCCU physical location when he has never

done so before, has no immediate plans to do so, and falls outside RVCCU's limited

membership field.

This case is unlike Daniels v. Arcade, L.P., in which the Fourth Circuit held Daniels'

allegations of injury-in-fact were sufficient to withstand a motion to dismiss. Daniels alleged

that defendant violated the Americans with Disability Act by failing to provide adequate

access for wheelchair-bound individuals at the Lexington Market in Baltimore, Maryland.

The court observed that Daniels "lives near the Market, had visited the Market before the

filing of the amended complaint, and in fact 'regularly visits' the Market." 477 F. App'x 125,

129 (4th Cir. Apr. 24, 2012). The Fourth Circuit agreed with the district court that Daniels

was required to allege that there was "a 'real and immediate threat' that he will be wronged

again," because he sought prospective declarative and injunctive relief rather than monetary

damages for a concrete past harm. Id. (quoting Bryant v. Cheney, 924 F.2d 525, 529 (4th Cir.

1991)). However, it disagreed with the district court's finding that Daniels had not met this

requirement. The Fourth Circuit accepted as true plaintiff's allegations that he intended to

continue visiting the Market in the future for his shopping needs, specifically noting it

"deem[ed] the allegation plausible because Daniels resides in relatively close proximity to the

Market." Id. at 130. Accordingly, the Fourth Circuit held that Daniels had established

standing to sue.

Five years later, the Fourth Circuit reaffirmed the holding in Daniels by published

opinion. Nanni v. Aberdeen Marketplace, Inc., 878 F.3d 447 (4th Cir. 2017). Nanni involved

a wheelchair-bound resident of Delaware who brought suit pursuant to the ADA, claiming

he encountered unlawful barriers to access at the Aberdeen Marketplace in Maryland. In

Nanni, the plaintiff alleged that several times a year, he travels on I-95 from his home in

Delaware to Baltimore and Washington, D.C., where he attends sporting events, visits

relatives and participates in events for the disabled. During these travels, he often stops at

Aberdeen Marketplace located near exit 85 on I-95. Nanni alleged that he had made this stop

at least three or four times between 2013 and 2015 and intended to make additional visits to

the Marketplace, both on his future journeys south and as an "ADA tester." Id. at 449.

In reversing the opinion of the district and finding Nanni had alleged an injury-in-fact

sufficient to establish standing to sue, the Fourth Circuit reaffirmed its holding in Daniels.

Specifically, it held that "a past injury is sufficiently pleaded for purposes of an ADA claim

where a disabled individual who requires a wheelchair for mobility alleges that he has

personally encountered noncompliant architectural barriers and describes how those barriers

caused him harm." 878 F.3d at 455. As to the future injury requirement, the Nanni court

adopted the principle set forth in Daniels "that when an ADA plaintiff has alleged a past

injury at a particular location, his plausible intentions to thereafter return to that location are

sufficient to demonstrate the likelihood of future injury," and applied it to Nanni's case. 878

F.3d 455-56. The Fourth Circuit held in Nanni that plaintiff's complaint sufficiently alleged

that he suffered past injuries on his visits to the Marketplace and also contained plausible

allegations "that Nanni will return to the Marketplace to rest and take bathroom breaks

during his trips several times a year from his home in Delaware to Baltimore and

Washington, D.C." Id.

Like in Daniels and Nanni, Carroll seeks prospective injunctive relief and is required

to allege likelihood of future injury. But unlike in Daniels and Nanni, Carroll has failed to

allege plausible intentions to utilize RVCCU's services or use its website to locate the

physical locations of the credit union, which are more than 200 miles away from where

Carroll resides. While the Fourth Circuit in Nanni declined to "draw an arbitrary line of

geographical proximity" for purposes of determining an ADA's standing to sue, it stated

proximity could be a factor relevant to the plausibility of future injury, noting "the facts of

each case control the plausibility analysis." 878 F.3d at 456-57. Carroll's allegations are

implausible under the specific set of factual circumstances presented here.

Carroll argues that the harm to his dignity constitutes an injury-in-fact. But Carroll

does not allege dignitary harm in his complaint—only that he was deterred from accessing

RVCCU's services and visiting its physical locations. Even if he did raise such an allegation,

dignitary harm would be insufficient to confer standing when Carroll does not allege

plausibly that he plans, or is even eligible, to use RVCCU's services or visit a physical

RVCCU location. Carroll argues that the mere fact of discrimination offends the dignitary

interest the ADA is designed to prevent. "[I]f a dignitary harm based on an encounter with

an allegedly discriminatory barrier to access of a public accommodation were sufficient to confer standing on a plaintiff, then any disabled person who learned of any barrier to access would automatically have standing to challenge the barrier, thereby essentially eliminating the injury-in-fact requirement." Griffin v. Dep't of Labor Fed. Credit Union, 293 F. Supp. 3d 576, 579 (E.D. Va. 2018). As the Supreme Court has recognized, "Article III standing requires a concrete injury even in the context of a statutory violation." Spokeo, Inc., 136 S. Ct. at 1549. "[A] bare procedural violation, divorced from any concrete harm," is insufficient to satisfy the injury-in-fact requirement of Article III. Id.

Carroll further argues he has standing to sue as an ADA "tester," citing Nanni, 878 F.3d at 457. To be sure, the Fourth Circuit held in Nanni that plaintiff's status as an "ADA tester" did not strip him of standing to maintain a civil action for injunctive relief under the ADA. The court rejected the proposition that Nanni's litigation history and motivations in pursuing his ADA claim deprived him of standing to sue where Nanni had otherwise sufficiently alleged Article III standing. Importantly, the Fourth Circuit did not hold that plaintiff's status as a "tester" is, alone, sufficient to confer standing, as Carroll suggests on brief.

Carroll simply has not met his burden of establishing Article III standing in this case. He fails to allege an injury-in-fact or establish there is a real threat of future harm. Accordingly, the court lacks subject matter jurisdiction over this action. "No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." Spokeo, Inc. v. Robins, 136 S. Ct. at 1547 (internal quotation marks and citations omitted).

## IV.

For these reasons, defendant's motion to dismiss will be granted and this case dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. As such, the court need not address the other arguments raised by defendant on brief.

An appropriate Order will be entered.

Entered: 06-11-18

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge